USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
:
UNITED STATES OF AMERICA, :
:
:
-v- :
: 1:19-cr-306-GHW
:
ONTONIEL ROSARIO BURGOS :
: ORDER
Defendant. :
:
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On May 24, 2021, the Court received a request from Mr. Burgos requesting in part that the Court grant him compassionate release (the "May 24 Application"). Dkt. No. 134. The request was made notwithstanding the fact that Mr. Burgos has not yet commenced his sentence.

The Court must deny the motion because Mr. Burgos has not yet satisfied the statutory preconditions to the relief that he seeks. 18 U.S.C. § 3582(c)(1)(A) reads in pertinent part as follows: "The court *may not* modify a term of imprisonment once it has been imposed *except that* . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ." *Id.* (emphasis added). The language of this provision ("[t]he court may not") expressly prohibits the Court from granting relief unless the statutory preconditions are satisfied.

By its plain terms, the relief permitted under § 3582(c) "applies only to those defendants who have begun serving their term of imprisonment at a BOP facility." *United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020). As the United States indicates in its June 17, 2021 response to

Mr. Burgos' application, the courts in this District that have considered the issue of whether a defendant can seek compassionate release prior to his surrender have reached this conclusion. Dkt. No. 138. Mr. Burgos has not exhausted the statutory preconditions to his release. Therefore the Court may not grant his requested relief at this time.

The Court will consider any application for compassionate release made by Mr. Burgos in compliance with the statute. The Court takes no position at this point as to whether Mr. Burgos will be able to demonstrate the existence of extraordinary and compelling circumstances for his release and that the § 3553(a) factors mitigate in favor of his early release in such an application. The Court observes now as dicta, however, that the May 24 Application does not describe material facts that were unknown to the Court at the time that it reached its conclusion regarding the appropriate sentence for Mr. Burgos. As the Government's response to the May 24 Application reminds the parties, among other things, the Court considered Mr. Burgos' health, the COVID-19 pandemic, and the impact of its sentence on Mr. Burgos' immigration status. Nor does the May 24 Application describe any changes in Mr. Burgos' circumstances that have an impact on the Court's evaluation of the factors set forth in § 3553(a). Again, the Court will consider any proper application for compassionate release on the merits on the basis of the information provided in it. The May 24 Application, however, provides no basis for the Court to conclude that a sentence other than the one that it imposed is appropriate for Mr. Burgos.

SO ORDERED.

Dated: June 17, 2021
New York, New York

GREGORY H. WOODS
United States District Judge