AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

OTONIEL ROSARIO BURGOS

Case No. 1:19-cr-306

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Rosario Burgos's application and supporting materials, Dkt. Nos. 143, as well as the materials presented to the Court in connection with his sentencing.  The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  The Court does not conclude that Mr. Rosario Burgos has shown extraordinary and compelling circumstances in support of his application for his compassionate release.  He suffers from pre-existing conditions that may increase the risk of COVID-19.  Mr. Rosario Burgos is relatively young, however.  And, significantly, the Court extended the deadline for Mr. Rosario Burgos to surrender to the custody of the Bureau of Prisons to permit him to be vaccinated, after establishing a late surrender date as a result of the COVID-19 pandemic.  Dkt. Nos. 120, 128.  Mr. Rosario Burgos's application for relief is studiously silent regarding Mr. Rosario Burgos's vaccination status.  Based on his prior representations to the Court in connection with his application for an extension of his surrender

date, the Court believes that he is fully vaccinated for COVID-19. See Dkt. No. 127. Because of his age and his opportunity to be vaccinated, the Court concludes that Mr. Rosario Burgos has not satisfied his burden to show extraordinary and compelling circumstances for his release.

Assuming, without holding, that Mr. Rosario Burgos's health conditions, combined with the circumstances at the facility in which he is incarcerated were sufficient to permit the Court to conclude that extraordinary and compelling circumstances that might support a modification of his sentence exist in this case, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Rosario Burgos's sentence is appropriate at this time. The Court sentenced Mr. Rosario Burgos at a time when the COVID-19 pandemic was ongoing. The Court was fully aware of the defendant's family and work history. Fundamentally, nothing has changed since the date of Mr. Rosario Burgos's sentencing and now that leads the Court to believe that a lesser sentence is appropriate for Mr. Rosario Burgos. The Court need not review again here its assessment of all of the 3553(a) factors at the time of sentencing. However, the Court again notes that Mr. Rosario Burgos engaged in a criminal conspiracy that was extremely serious. The Court imposed a sentence that was substantially below the advisory guidelines range. As the Court concluded at sentencing, a lesser sentence is not appropriate. The analysis has not changed since Mr. Rosario Burgos began to serve out his sentence. The facts presented by the defendant in his application do not alter the Court's evaluation of the 3553(a) factors as a whole. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 143 and to mail a copy of this order to Mr. Maldonado.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

October 30, 2021

                                            GREGORY H. WOODS
                                    UNITED STATES DISTRICT JUDGE